[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO REOPEN AND MODIFY P.J., DATED DECEMBER 17, 1998 AND THE PLAINTIFF'S MOTION TO REOPEN AND MODIFY P.J., DATED JANUARY 19, 1999
This matter first came to the Court pursuant to a summons and complaint dated July 7, 1995 and returnable July 25, 1995 in which complaint the plaintiff sought a dissolution of the marriage, joint custody of minor children, support and other relief.
Both the plaintiff and the defendant were represented by counsel throughout all the proceedings.
On March 26, 1996 the parties appeared before the Court, Teller, J., and the matter was heard and judgment entered.
The salient provisions of the judgment are as follows:
There are two minor children issue of the marriage.
Justin Sylvestre born March 7, 1990 and Megan Sylvestre born June 2, 1991.
Joint custody of the two minor children. The plaintiff to be the primary custodial parent.
"The defendant shall enjoy alternate weekend visitation with CT Page 6696 the minor children from 4 p. m. on Friday to 12 noon on Sunday. Holiday and school vacation visitation shall be by mutual agreement of the parties."
Support $100.00 per week.
No alimony awarded to either.
The judgment is lengthy and detailed.
The judgment was modified on November 2, 1998 by Solomon, J., to the following effect.
"Father's access to the minor children shall occur as follows:
week one — Thursday afternoon to Monday morning with the times of the exchange to be agreed upon by mutual agreement of the parents.
Week two — Thursday afternoon to Friday morning with the times to be determined by agreement of the parties.
The parties, with their respective counsel, appeared before the Court on May 4, 1999 and were heard as to both motions.
In the December 17, 1998 motion, the defendant claims that there has been a substantial change in circumstances in that the plaintiff's income has increased substantially and the defendant's access has increased substantially since the dissolution.
In the January 19, 1999 motion, the plaintiff claims that there has been a substantial change in circumstances that warrants a modification of the child support order.
The Court makes the following findings of fact.
The witness Thomas Dembek from Waterford has been acquainted with the defendant for ten years. Dembek is a licensed electrician who has a position with Northeast Utilities, he also is a part-time fireman.
Dembek and the defendant have worked together on electrical matters and jobs. CT Page 6697
Dembek earns $20.00 hourly for part-time electrical work.
The defendant is a licensed electrician and a licensed contractor and is able to secure permits for electrical work.
The defendant on occasion has assisted Dembek in electrical work outside his regular employment.
Dembek worked on one job with the defendant in the last year and believed that the defendant earned a couple of hundred dollars.
Michael J. Silvestri is acquainted with the defendant as a volunteer fireman.
The witness is not related to the defendant.
The witness on occasion has worked with Dembek and the defendant on jobs.
The plaintiff is a licensed pharmacist employed by CVS in Waterford.
Plaintiff works 39 hours weekly and has been employed by CVS for 13 years.
Plaintiff increased her hours of employment to help paying bills.
Plaintiff on occasion also does substitute teaching.
The parties were married for nine years before the divorce.
The plaintiff indicated that the defendant consistently earned income outside his regular job during the marriage.
Mindful of her employment, the plaintiff pays a babysitter when the children are in her care and not attending school.
When the children are sent to the defendant incident to the visitation schedule, they are sent with all necessary clean clothing and on their return the plaintiff does all necessary laundry. CT Page 6698
Any required medication is also sent along with the children as necessary.
The plaintiff has paid off a loan from her brother since the divorce.
Plaintiff's car loan has been paid off.
Plaintiff expects to receive an income tax refund on her 1998 return in the approximate amount of $1,000.00.
The residence in which the plaintiff resides is in need of repair.
The two children each have a separate bedroom, the plaintiff sleeps on a daybed.
The child Justin is now age 9, Megan is 7-1/2.
The children are in good health.
Justin is in the third grade, Megan is in the second grade.
The plaintiff's education extended for five years beyond high school.
The plaintiff requests that the order of support be increased to $145.00 weekly.
The defendant is a teacher at a trade school conducted by the State of Connecticut.
The defendant engages in sports while the children are with him and he takes them to various games.
The defendant professes that he wants to have the children all summer with him so that daycare is not necessary.
The defendant provides the children with presents and a variety of visits to different locations.
The defendant feels that due to the existing visitation schedule he should not be required to provide any support or in the alternative, it should be modified downward. CT Page 6699
The defendant is the children's assistant baseball coach in Little League.
The defendant rents an apartment for his residence.
When the children visit with the defendant, Megan sleeps in his room, Justin sleeps in the living room, which he shares with the defendant.
The defendant acknowledged that in the last year he had earned extra income approximating $800.00 in teaching a 12-week course.
The defendant is healthy.
Apparently the children attend therapy counseling. Justin has an aggression problem.
The defendant feels the counseling is unnecessary.
Costs of certain college courses taken by the defendant are reimbursed by the State.
The defendant pays $60.00 weekly for support of a child not issue of this union.
From the financial affidavits, the Court makes the following findings.
The plaintiff's earnings at CVS Pharmacy as a licensed pharmacist are as follows:
Weekly gross $1,349.00
 Weekly deductions totaling $ 424.00 including $54.00 going into a 401K
Net $ 925.00
Other income — support $ 100.00
School $ 5.00
Total net $1,030.00 CT Page 6700
Weekly expenses $1,027.00
 Debt to: John Sylvestre $18,900.00 mortgage plus accrued interest pursuant to the judgment USA Visa $ 237.00
 The plaintiff's residence secured under the terms of the judgment has an equity of $30,448.00
Plaintiff owns a 1993 vehicle free and clear $12,111.00
Household furnishings $18,000.00
Credit union account $ 1,742.00
CVS 401K $63,647.00
The defendant's earnings as a teacher at Norwich Tech is as follows:
Weekly gross $ 747.51
Weekly deductions $ 246.09
Net $ 501.42
Weekly expenses $ 722.66
 Weekly expenses include $120.00 weekly for food; the plaintiff and two children claim only $72.00, college classes of $30.00 for which he is reimbursed by the State
Assets
Land valued at $26,000.00
Equity $13,500.00
a 1996 Honda free clear $12,000.00 CT Page 6701
checking account $ 248.00
Equi Vest TSA $ 2,500.00
See Plaintiff's Exhibit 1, the W-2 for 1998 for the defendant reflecting wages of $39,988.69. Note: Social Security wages shown on said W-2 is $41,338.69.
At the time of the dissolution the plaintiff's income was:
Weekly gross $ 870.00
deductions $ 281.00
Net $ 589.00
Expenses Weekly $ 895.00
At the time of the dissolution the plaintiff had assets of $171,120.00 according to the financial affidavit.
Plaintiff now has assets of $125,948.00 according to the financial affidavit.
At the time of the dissolution the defendant's income was:
Weekly gross $ 553.00
deductions $ 210.79
Net $ 342.21
Weekly expenses $ 552.03
The assets of the defendant shown on his March 16, 1996 affidavit total $370,875.01, which the court believes maybe in error due to valuing life insurance at the policies' face amount.
By way of review, therefore, as to the plaintiff, it appears that her weekly gross has increased from $870.00 to $1,349.00 and her net from $589.00 to $925.00.
The defendant's weekly gross has gone from $553.00 to $747.51. CT Page 6702
The principal thrust of the defendant's argument is to the effect that due to the liberal visitation schedule, that the percentage of the time that the children are with him justifies a reduction in the support.
Needless to say, the parties are fortunate that the plaintiff, due to her education and profession as a licensed pharmacist, is able to earn what is shown.
This redounds to the benefit of all, including the children and the defendant.
In addition, the plaintiff is keeping a roof over the heads of the children at 6 Timothy Street and paying the mortgage and daycare for the children.
The Court notes that at the time of the dissolution the plaintiff executed a mortgage note and deed to the defendant for $15,000.00 payable on the occurrence of certain listed events, plus the parties contribute equally to maintaining $250,000.00 worth of life insurance for the benefit of the children.
The defendant raises the issue of requiring the Court to consider the current visitation schedule as justification for a modification of the order of support.
Admittedly, the visitation schedule is generous.
The judgment provides:
"The plaintiff and the defendant shall share joint custody of the minor children. The primary physical residence shall be with the plaintiff and the defendant shall enjoy reasonable access with the minor children as follows."
Note: By agreement of the parties and with the approval of the Court, Solomon, J., the March 26, 1996 judgment was modified as to access on November 2, 1998 as follows:
"Father's access to the minor children shall occur as follows:
Week One — Thursday afternoon to Monday morning with the times of the exchange to be agreed upon by mutual agreement of CT Page 6703 the parents.
Week Two — Thursday afternoon to Friday morning with the times to be determined by agreement of the parties."
The residence of the children remains the same with the plaintiff.
In the Court's opinion, the current existing arrangement regarding the children is not "split custody".
See § 46b-215a(20).
Split custody means a situation in which there is more than one child in common and each parent is the custodial parent of at least one of the children.
Custodial parent means the parent who provides the child's primary residence. § 46b-215a-1(7).
 "Under the Child Support Guidelines `split custody' exists where the home of each former spouse is the full-time residence of at least one of the parties' children rather than requiring that each parent have been granted sole legal and physical custody of at least one child. Therefore if one of the parties' children moves from the home of the parent with sole physical custody to the other parent's home without a change in the custody order, the new residential custodial parent is entitled to a split custody adjustment under the Guidelines."
See Macaluso vs. Macaluso. Superior Court at Stamford, FA 930130085S, Tierney, J.
The existing arrangement is liberal visitation and is not a substantial change in circumstances to warrant a support modification order.
Here there is a court order outstanding concerning the visitation and the residence of the children is with the plaintiff.
See also Ballard vs. Ballard, Judicial District of New Haven, October 19, 1994, McWeeny, J., and Memoli vs. Memoli, FA 90-0094552, October 18, 1994, Dranginis, J. CT Page 6704
In carefully reviewing the two guideline worksheets submitted as to the issue of support, the Court notes that even under the guideline submitted by the defendant, the order of support which he should be required to pay is $129.00 and his computation does not give the plaintiff credit for daycare expenses of $104.00 weekly. The plaintiff's guideline apparently takes into account the defendant's irregular outside employment, aside from his teaching position, to come up with the $145.80 figure.
The plaintiff's motion of January 19, 1999 to modify the order of support is granted increasing the weekly order of support to $130.00 weekly.
The defendant's motion to modify of December 17, 1998 is denied.
Austin, JTR